UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER A. WRIGHT,

    Petitioner,
                                     Case No. 04-CV-72597
                                       HONORABLE AVERN COHN

v.

BLAINE LAFLER,

    Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION FOR STAY PENDING APPEAL AND FOR IMMEDIATE CONSIDERATION
## AND
## RELEASING PETITIONER ON PERSONAL BOND

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Christopher A. Wright, (Petitioner), is a state inmate who, after pleading guilty, is serving a sentence of seven to fifteen years on a plea of guilty of operating under the influence liquor (O.U.I.L.) causing death, Mich. Comp. Laws § 257.625(4); two to five years for two counts of O.U.I.L. causing injury, Mich. Comp. Laws § 257.625(5); and one to four years for two counts of second-degree child abuse, Mich. Comp. Laws § 750.146.  Petitioner filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights specifically related to the circumstances of his guilty plea. Respondent, through the Attorney General's Office, filed a response, arguing that petitioner's claims lack merit.

The Court subsequently appointed counsel to represent petitioner. An evidentiary hearing was conducted on July 15, 2005. Following the hearing, the parties filed supplemental papers. On October 11, 2005, the Court entered an order conditionally granting the petition.

Before the Court is Respondent's Motion for Stay Pending Appeal and for Immediate Consideration, to which Petitioner has responded. In his response, Petitioner objects to a stay. However, he asks that if the Court enters a stay, that he be released on bond pending appeal. A hearing on the matter was held on October 22, 2005 at which the Court directed Petitioner's counsel to submit a supplemental statement, signed by Petitioner, regarding his understanding of the risk(s) associated with the case, and in the event of release on bond, where he will reside and what will be his employment. The statement has been received. The matter is now ready for decision.

II.

Fed. R. App. P. 23(c) provides that, while a decision ordering the release of a prisoner is on appeal, "the prisoner must – unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety." The Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases." Hilton v. Braunskill, 481 U.S. 770, 774 (1987). That presumption, however, may be overcome in the district court judge's discretion. Id.

The Supreme Court has held that a federal court should consider the following

factors in deciding whether to stay an order granting habeas corpus relief pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Based on the circumstances of this case and a review of the statement as well as Petitioner's response, the Court is satisfied that Petitioner meets the requirement for release on bond pending appeal. Accordingly, Respondent's motion for stay pending appeal is GRANTED and Petitioner is RELEASED on a $5,000.00 personal bond.

SO ORDERED.

                                             s/Avern Cohn
                                             AVERN COHN
Dated: December 2, 2005        UNITED STATES DISTRICT JUDGE
       Detroit, Michigan